UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DOUGLAS GREENMAN,

               Plaintiff,          Case No. 1:10-cv-549

v.                                                Honorable Robert Holmes Bell

MARGERETTE OULETTE et al.,

               Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint against Defendants Oulette, Merlau, Schorfhaar, Quality Assurance Office and Pain Management Committee. The Court will serve the complaint against Defendants Gelabert and Prisoner Health Services.

**Discussion**

I.      Factual allegations

Plaintiff is incarcerated in the Florence Crane Correctional Facility. In his *pro se* amended complaint (docket #8), he sues Physician's Assistant Margerette Oulette, Nurse Patricia Merlau, Health Unit Manager M.A. Schorfhaar, Dr. Raymond Gelabert, Prisoner Health Services, Quality Assurance Office and the Pain Management Committee.

Plaintiff claims that he suffers from multiple medical disorders, including hepatitis C, diabetic mellitus, thoracic vertebral osteomyelitus, and degenerative joint and disc disease in his cervical, thoracic and lumbar spine. In order to manage the significant pain caused by these disorders, Plaintiff requires prescription pain medication. Plaintiff claims that Defendants have failed to provide adequate pain medication in violation of his Eighth Amendment rights. Plaintiff alleges that he saw Dr. Gelabert on December 19, 2009. During the appointment, Plaintiff informed Gelabert that his prescription for Ultram and other pain medications had been discontinued without cause or review even though he continued to experience pain. Gelabert indicated that the Pain Management Committee should be contacted, but failed to take further action to treat Plaintiff's pain. In April 2010, Plaintiff was prescribed two new medications - Palamer and Salsalate. Plaintiff sent a medical request on April 22, 2010, stating that the medications were not working. In response, Plaintiff was told that the issue was referred to Dr. Gelabert, who failed to take action to resolve the issue.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages for violation of his Eighth Amendment rights.

III.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Quality Assurance Office and Pain Management Committee**

An express requirement of 42 U.S.C. § 1983 is that a defendant be a "person." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Defendants Quality Assurance Office and Pain Management Committee are administrative units of the Michigan Department of Corrections (MDOC). Neither a state corrections department nor its administrative units are "persons" within the meaning of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Furthermore, Plaintiff's claim against these Defendants are barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984). A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion. *Estate of Ritter v. University of Michigan*, 851 F.2d 846, 851 (6th Cir. 1988). The Supreme Court has squarely held that the Eleventh Amendment bars federal suits against state departments of corrections. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). Therefore, Defendants Quality Assurance Office and Pain Management Committee are not subject to a section 1983 action.

B. **Defendants Oulette, Merlau and Schorfhaar**

Plaintiff names Defendants Oulette, Merlau and Schorfhaar as Defendants in this action, but does not make any factual allegations against them whatsoever in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must

make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his amended complaint must be dismissed against Defendants Oulette, Merlau and Schorfhaar for failure to state a claim.

### C. Defendants Gelabert and Prisoner Health Services

At this stage of the proceedings, the Court finds that Plaintiff has made sufficient allegations to state a claim against Defendants Gelabert and Prisoner Health Services and will order service of the amended complaint against them.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Oulette, Merlau, Schorfhaar, Quality Assurance Office and Pain Management Committee will be dismissed for failure to state a claim pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the amended complaint against Defendants Gelabert and Prisoner Health Services.

An Order consistent with this Opinion will be entered.


Dated: July 23, 2010                      /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE